UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| BASILWARREN LEWIS, JR., ) | |
| ) | |
| Plaintiff, ) | Civil No. 2:22-73-HRW |
| ) | |
| v. ) | |
| ) | |
| PHIL KNIGHT, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Basil Warren Lewis, Jr., has filed a *pro se* civil complaint. [D. E. No. 1] The Court has granted his motion for leave to proceed *in forma pauperis* by separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Lewis states that in June 1985 he sent Nike, a company that makes athletic shoes, a design he called the "2001 Concept." Lewis does not describe this design in his complaint. A month after he sent his letter, Lewis received correspondence

1

from Nike stating that they liked the design and would keep it on file. In October 1986 Lewis wrote Nike another letter about his design, to which Nike again responded that the company liked the design and would keep it on file. [D. E. No. 1 at 2] Lewis alleges that in 1987 he saw a Nike shoe for sale at a shopping mall called the "Air Revolution," which he indicates was the same as his "2001 Concept." He asserts that his design was also incorporated into the "Jordan" line of shoes sold by Nike in the ensuing years. *Id*. at 3. Lewis names as defendants Phil Knight, the owner of Nike; the "Michael Jordan brand" at Nike; and Tinker Hatfield, a designer at Nike. Lewis contends that the defendants "violated my age, idea, and race – they took an idea from a 18 year old kid going to college trying to impress them" and that he was not compensated for his work. Lewis seeks damages. [D. E. No. 1 at 4, 8]

The Court has reviewed Lewis's complaint, but concludes that it must be dismissed for several reasons. First, while Lewis describes the actions of Nike as a company, he did not name it as a defendant. Conversely, Lewis names several individuals affiliated with the company as defendants, but he makes no allegations against them. This is not sufficient to state a viable claim. Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("[e]ven a pro se prisoner must link his allegations to material facts … and indicate what each defendant did

2

to violate his rights …"); *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.").

Second, while Lewis filed his complaint on the Court's approved form to assert civil rights claims, it does not appear that Lewis intends to assert such claims. Nor could he – none of the defendants are government officials, and hence do not act "under color of state law" as required to state a viable civil rights claim. The conduct of private individuals, even if discriminatory or wrongful, is not actionable under Section 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). In any event, the statute of limitations to assert civil rights claims arising in Kentucky is one year. *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). Lewis's claims accrued no later than 1987, and thus the limitations period for any such claim has long since expired.

Lewis claims that the defendants "violated my age, idea, and race." [D. E. No. 1 at 4] This statement is not sufficient to adequately state a claim against any defendant. While Lewis mentions race, his complaint contains no allegations at all about race or how it affected the events about which he complains. Nor does he articulate a race-based claim relevant to the events he describes, and none suggests itself to the Court. So too for Lewis's youth at the time of these events. Lewis does

3

not have an attorney, so the Court must liberally construe what he does say in his complaint to see if he might have a viable claim. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But this rule has meaningful limits: the plaintiff must still articulate a claim, and the district court is not required to conjure up causes of action or to make guesses as to whether a given claim is directed against a particular defendant. A more permissive rule would "require the courts to explore exhaustively all potential claims of a *pro se* plaintiff, and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (cleaned up).

At bottom, Lewis claims that Nike took his idea for a shoe design but did not compensate him for it. The protection of ideas, in their various forms, is the province of intellectual property laws. The problem for Lewis is that the none of the sub-species of intellectual property law assist him. For instance, designs for clothing and shoes are generally not covered by copyright law because they are functional objects. *See generally Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 223 n.19 (2d Cir. 2012); *Norris Indus., Inc. v. Int'l Tel. & Tel. Corp.*, 696 F.2d 918, 924 (11th Cir. 1983) ("functional components of useful articles, no matter how artistically designed, have generally been denied copyright protection unless they are physically separable from the useful article.") (*citing SCOA*

*Industries, Inc. v. Famolare, Inc.*, 192 U.S.P.Q. 216 (S.D.N.Y. 1976) (holding that wavy lines on shoe soles are not copyrightable). And trademark and unfair competition law is of little use to Lewis because he did not himself sell shoes using his design. *Cf. Qualitex Co. v. Jacobson Prod. Co.*, 514 U.S. 159, 162 (1995) (noting that trademark law is designed to protect a seller of goods under a recognizable trademark or brand by preventing others from using a similar mark to sell goods in a manner that causes source confusion).

Patent law can provide protection for a useful shoe design. *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993). But Lewis does not indicate that he obtained letters patent for his shoe design, without which he lacks the right to assert a patent claim. *Cf. Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1228 (Fed. Cir. 2019).

Intellectual property law also contemplates the notion of "misappropriation," likely the best fit for Lewis's allegations. But such a claim would necessarily fail for two reasons. First, Lewis's claim is essentially one of "idea misappropriation," a common law tort. But Kentucky displaced such common law claims when it enacted the Kentucky Uniform Trade Secrets Act ("KUTSA") in 1990. *See Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F. Supp. 2d 784, 789-90 (W.D. Ky. 2001) ("KUTSA replaces other law relating to the misappropriation of trade secrets, regardless of whether the Plaintiffs demonstrate that the information at issue

5

qualifies as a trade secret. ... KUTSA provides the only avenue for claims based on idea misappropriation in Kentucky."). However, Lewis's complaint does not indicate that his shoe design qualified as a trade secret under KUTSA as required to state a viable claim. Second, the statute of limitations to bring a misappropriation claim under KUTSA is "three (3) years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Ky. Rev. Stat. 385.890. Lewis indicates in his complaint that he became aware of Nike's use of his design in 1987. The three-year statute of limitation therefore expired in 1990, and any claim for misappropriation is therefore time-barred.

For each of these reasons, Lewis's complaint must be dismissed.

Accordingly, it is **ORDERED** as follows:

1. Lewis's complaint [D. E. No. 1] is **DISMISSED**, with prejudice.

2. This matter is **STRICKEN** from the active docket.

This the 13th day of June, 2022.

Signed By:

Henry R Wilhoit Jr. 

United States District Judge